*Donald O. Burke,* for defendant.

---

ARLAND D. MARSH *vs.* RAYMOND CONWAY.

DECEMBER 17, 1952.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

BAKER, J. This is a petition for a writ of certiorari to bring before this court the records in an action at law entitled Raymond Conway v. Arland D. Marsh, No. 120778, pending in the superior court, to have reviewed certain rulings, decisions and orders made in that case. The writ was issued and pursuant thereto the records were duly certified.

It appears therefrom that the case, an action for negligence, was started in the tenth judicial district court and thereafter was appealed to the superior court where the demurrer of defendant Marsh to plaintiff Conway's second amended declaration was sustained. To that ruling the plaintiff duly prosecuted his bill of exceptions and, after argument, for reasons stated in our opinion we overruled his exceptions *pro forma* and remitted the case to the superior court for further proceedings. *Conway* v. *Marsh,* 79 R. I. 254.

Within seven days after our opinion was handed down plaintiff Conway moved in the superior court to be allowed to file a third amended declaration. The motion was granted by a justice of that court and such declaration was filed. Thereafter defendant Marsh filed a demurrer thereto which was heard by another justice of the superior court who sustained it and gave plaintiff Conway leave to file a fourth amended declaration, which was done. The instant petition was then presented to this court.

It sets out in substance that, under the facts and circumstances appearing in the record before us, after the filing of our opinion hereinbefore referred to, the superior court was without jurisdiction to entertain the present respondent's motion to be allowed to file a third amended declaration, and that all rulings relative thereto as well as the ruling permitting the filing of a fourth amended declaration were improper and invalid. The petitioner, citing *Browning* v. *Browning,* 53 R. I. 112, maintains that on the record the inferior tribunal acted without or in excess of its jurisdiction in connection with such rulings.

The respondent Conway, however, urges that in the above matters the superior court acted within its jurisdiction. He argues that after his exceptions were overruled in *Conway* v. *Marsh, supra,* and the case was remitted to the superior court he had a right under *Hebert* v. *Handy,* 28 R. I. 317, and under the provisions of general laws 1938, chapter 535, §1, to file a motion that he be allowed to further amend

his declaration; that the granting or denying of the motion was within the discretion of the superior court; and that the filing of such motion operated as a stay to the entry of judgment in the case.

In disposing of the instant petition we will assume without deciding that following the handing down of our above-mentioned opinion Conway, as plaintiff in *Conway* v. *Marsh,* *supra,* could within seven days file a motion in the superior court to be allowed to amend his declaration in such case and that said court in its discretion could properly entertain the motion. However, in view of the peculiar facts disclosed in the record in that case now before us, the travel of which we have hereinbefore set out, we are of the opinion that certain prayers of the present petition for certiorari should be granted and that a portion of such record should be quashed.

It appears that the above-named case was an ordinary action of trespass on the case for negligence based on the collision of two automobiles on a highway in the city of Pawtucket. The ad damnum in the writ was $100 and only property damages were claimed. The case was apparently simple, no complicated facts were involved, and nothing indicates that the declaration could not be easily drawn. However, plaintiff Conway in that case, after the sustaining of each successive demurrer, has been permitted to file a new declaration making in all four amended declarations in addition to the original one.

An examination of these declarations and other pleadings in the case discloses that inconsistent and contradictory allegations as to the ownership of the automobile operated by Conway have been made by him as plaintiff, and that he has persistently tried, in spite of contrary rulings of the court in the sustaining of several demurrers, to bring into that action for determination the alleged rights of a third person, who apparently also has an action pending against the defendant Marsh growing out of the accident in question. He has thus attempted indirectly and repeatedly to combine

two separate actions into one. Further in our judgment a consideration of the various declarations and other pleadings shows that plaintiff Conway undertook at different times and in different ways to include as the basis for his declarations the same general grounds to which demurrers had already been sustained. Such procedure negatived a conclusion that plaintiff was endeavoring in good faith to state a just cause of action, and in the circumstances tended in effect to harass defendant Marsh unnecessarily and unreasonably. Such conduct was not conducive to the orderly and timely termination of the litigation.

We recognize and approve the practice whereby the superior court, in accordance with the spirit of the statute and to promote justice between the parties, exercises liberality by allowing, in a proper case, even repeated amendments to a complicated declaration. But, in passing on a plaintiff's request for permission to file an amended declaration as here, the justice of the superior court is called upon not to act *pro forma* but to exercise his sound discretion. In the instant case, by allowing a fourth amendment where the declaration was comparatively simple and where the record contradicted any reasonable conclusion that plaintiff was attempting in good faith to state a just cause of action consistently with prior rulings, the trial justice in effect did not exercise the sound discretion contemplated by the statute. Such being the case, his order permitting the amendment in the special circumstances constituted an abuse of discretion and should be quashed.

The portion of the record in the case of Raymond Conway v. Arland D. Marsh, No. 120778, relating to the ruling of the superior court permitting the plaintiff to file the fourth amended declaration is quashed, and the record and papers in that case are ordered to be returned to the superior court with our decision endorsed thereon.

*Joseph T. Witherow,* for petitioner.

*Aram K. Berberian,* for respondent.